UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| CANDIDO NOBREGA, *et al.*, | : | |
| | : | **Civil Action No. 22-4204 (JXN) (JBC)** |
| Plaintiffs, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| TROY-BILT, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**NEALS**, District Judge:

This matter comes before the Court on Plaintiffs Marina Nobrega ("Marina") in her own right and as Natural Guardian for I.N. and A.G.-N.'s (collectively, "Plaintiffs")[1] appeal pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(c)(1) (ECF No. 51) of the December 18, 2023 Opinion and Order (ECF No. 46) entered by the Honorable James B. Clark, III, U.S.M.J. ("December 18 Order"). Defendants Troy Bilt, LLC, MTD Products Inc, and Home Deport U.S., Inc., (collectively, "Defendants") opposed. (ECF No. 53). The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendants' appeal (ECF No. 51) is **DENIED**, and the December 18 Order (ECF No. 46) is **AFFIRMED**.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs appeal the December 18 Order wherein the Magistrate Judge found Defendants' counterclaim creates a conflict of interest sufficient to disqualify Plaintiffs' counsel, Stephen M.

---

[1] I.N. and A.G.-N are minors.

Tatonetti, Esq. and the Locks Law Firm LLC (together, the "Locks Firm"), from this matter. The relevant facts follow.

### A. Defendants' Counterclaim against Candido Nobrega

On February 3, 2023, Plaintiffs and A.G.-N's father, Candido Nobrega ("Candido"), filed a five-count amended complaint for injuries suffered by A.G.-N. when her "foot was caught in the opening of" Defendants' lawn mower's "deck" during Candido's use of the same. ((ECF No. 19) (the "Amended Complaint") ¶¶ 9-15). On February 7, 2023, Defendants Answered the Amended Complaint and asserted a counterclaim for contribution against Candido (the "Counterclaim"). (ECF No. 21 at 6[2]).

### B. The Locks Firm's Conflict of Interest in Defending against Counterclaim

On April 3, 2023, the parties filed a joint status letter wherein Defendants argue that the Locks Firm must withdraw due to a conflict of interest caused by the Counterclaim. (ECF No. 26 at 1-3). In citing a January 24, 2022 Disciplinary Review Board letter[3] issued in *In re Pisano*, 2022 N.J. LEXIS 994 (N.J. Oct. 24, 2022) (the "Pisano Matter"), Defendants contend that the Locks Firm cannot represent both Candido—the lawnmower's operator and A.G.-N.—the passenger. (*Id.* at 2). Plaintiffs argue against the merits of the Counterclaim. (*Id.* at 3).

On April 10, 2023, the undersigned entered the parties' proposed Stipulation to dismiss Candido's portion of the Amended Complaint, but not Defendants' Counterclaim against Candido, which "remain[s] open on the docket." (ECF No. 29 at 1).

---

[2] The Court refers to the ECF page numbers.
[3] The letter provides that "simultaneous representation of a driver and passenger in an automobile accident presents a presumptive conflict of interest[;]" and that "upon receipt of a counterclaim filed by the other driver involved in the accident," counsel was "duty-bound to take immediate action to transfer" both matters. (ECF No. 28 at 2).

### C.    Magistrate Judge Clark's December 18 Order

On May 25, 2023, Defendants filed a motion to disqualify the Locks Firm and remove and replace Marina as guardian ad litem (ECF No. 34) (the "Motion to Disqualify"), which Plaintiffs opposed (ECF No. 35), and Defendants replied. (ECF No. 37). On December 18, 2023, Magistrate Judge Clark entered the December 18 Order that granted in part the Motion to Disqualify; disqualifying the Locks Firm from "representing Plaintiffs or Candido in connection with this matter." (Dec. 18 Ord. at 1 n.2, 15).

In analyzing RPC 1.7, the Magistrate Judge found persuasive *McDaniel v. Man Wai Lee*, 419 N.J. Super. 482, 497 (N.J. Super Ct. App. Div. 2011), which requires that an attorney withdraw from representing a driver or passenger in motor vehicle accident suits if the second driver files a counterclaim. (*Id.* at 8-9). The court also relied on *Weinberg v. Underwood*, 101 N.J. Super. 448 (N.J. Law Div. 1968), which requires separate attorneys when a counterclaim is filed by the second driver because "even though [a] child and parent both share the same primary goal of recovering from the defendants, a counterclaim for contribution also creates adverse interests between them. . . ." (*Id.* at 9) (internal quotation marks, brackets, and citation omitted).

In considering *McDaniel* and *Weinberg*, the court acknowledged that the "same principles" there "apply to the question of the propriety of" the Locks Firm's "representation of Plaintiffs and Candido in this matter." (*Id.* at 9). And that this matter "pose[s] the same challenges as those arising from an attorney's representation of multiple family members injured in the same automobile accident." (*Id.* at 9) (citation omitted). Ultimately, the court concluded that the Counterclaim "created adverse interests between" Plaintiffs and Candido, such that the Locks Firm could not represent both. (*Id.* at 10, 15).

3

### D.      Plaintiffs' Appeal

On January 2, 2024, Plaintiffs appealed the December 18 Order (ECF No. 49) (the "Appeal"). On January 26, 2024, Plaintiffs filed their brief (ECF No. 51) ("Pls.' Br."). On February 6, 2024, Defendants filed their opposition (ECF No. 53) ("Defs.' Br."). Plaintiffs did not file a reply. L. Civ. R. 72.1(c)(1)(A).[4] This matter is now ripe for consideration.

## II.     STANDARD OF REVIEW

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter. 28 U.S.C. § 636(b)(1)(A). A district court will only reverse a magistrate judge's decision if it is contrary to law or clearly erroneous. *Id.*; *see also* Fed. R. Civ. P. 72(a). "The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Marks v. Struble,* 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (citation and internal quotations omitted).

"A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied the applicable law." *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc.,* 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citation omitted). A finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City,* 470 U.S. 564, 573 (1985) (internal quotations and citation omitted). Under this standard, a "district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000) (citation omitted).

---

[4] Plaintiffs also failed to provide the Court with "a transcript of that portion of" Magistrate Judge Clark's hearing "wherein findings of fact were made" related to the Motion to Disqualify. L. Civ. P. 72.1(c)(1)(A).

### III.   DISCUSSION

The parties agree that the standard of review is whether the December 18 Order is contrary to law or clearly erroneous (*compare* Defs.' Br. at 13; *and* Pls.' Br. at 10).[5] Because "[m]atters concerning the disqualification of counsel" are "treated as non-dispositive pretrial motions by courts" in this District (*Andrews*, 191 F.R.D. at 68 (citations omitted)), the Court considers whether Magistrate Judge Clark's decision to disqualify the Locks Firm was contrary to law or clearly erroneous. Under this standard of review, the Appeal is denied.

#### A.   Magistrate Judge Clark Properly Declined to Dismiss the Counterclaim

Plaintiffs argue that the Counterclaim is a "cleverly manufactured" litigation tactic to bar the Locks Firm from representing Plaintiffs. (Pls.' Br. at 6). And that there would be no "scintilla of a conflict in this matter" were the Counterclaim dismissed. (*Id.* at 6). The Court disagrees.

Magistrate Judge Clark determined that the Locks Firm did not "have standing" to move to dismiss the Counterclaim if it did not represent Candido. (Magistrate Judge Clark's September 19, 2023, hearing (ECF No. 45) (the "September Hearing") at T12-11-14). Here, Plaintiffs improperly seek to dismiss the Counterclaim despite having no standing to do so. (Pls.' Br. at 20).

During the September Hearing, Magistrate Judge Clark stated that the Locks Firm "represented fairly clearly" that it did not represent Candido. (Sept. Hearing at T5:1-5). The Locks Firm similarly represented at a prior hearing. On April 13, 2023, Magistrate Judge Clark held a conference concerning the to-be-filed Motion to Disqualify. (*See* Magistrate Judge Clark's April 13, 2023, hearing (ECF No. 31) (the "April Hearing")). There, the Locks Firm stated that it "no

---

[5] Plaintiffs direct the Court to authority that did not involve an appeal of a magistrate judge's ruling. *See Maldonado v. New Jersey*, 225 F.R.D. 120 (D.N.J. 2004) (motion to dismiss or to disqualify counsel); *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099 (D.N.J. 1993) (motion to disqualify counsel); *Montgomery Academy v. Kohn*, 50 F. Supp. 2d 344 (D.N.J. 1999) (motion to disqualify counsel). These cases address the underlying legal basis for the Magistrate Judge's ruling rather than the appropriate standard.

longer represent[s]" Candido and "only represent[s] the child and the mother as her guardian." (*Id.* at T4:17-19). Further, when asked whether it agreed that it should withdraw from the case, the Locks Firm replied that it does not represent Candido. (*Id.* at T11:18-22).

Given the Locks Firm's representations, as well as the Counterclaim being against Candido alone (ECF No. 21 at 6), Magistrate Clark asked "how in the world can [the Locks Firm] make a motion to" dismiss the Counterclaim. (Sept. Hearing at T5:6-8). In response, the Locks Firm's counsel stated that "it's a -- you know, I'm indirectly asking for a dismissal" of the Counterclaim. (*Id.* at T6:4-11). Finding dismissal inappropriate, Magistrate Judge Clark noted Candido may still be liable for "indemnification" or "contribution" as "the primary tortfeasor in this case." (*Id.* at T4:2-7). Consequently, the court administratively terminated Plaintiffs' cross-motion to dismiss the Counterclaim (ECF No. 35) pending disposition of the Motion to Disqualify. (ECF No. 43).

Recognizing their lack of standing, Plaintiffs make an oddly worded request here that "Defendants' counterclaim to not be able to persist against" Candido. (Pls.' Br. at 26). The Court agrees with Magistrate Judge Clark that this is inappropriate. Magistrate Judge Clark correctly determined that the Counterclaim is a "viable claim" and passed what he described as a "straight face test" (Sept. Hearing at T7:2-20), which the Court interprets to mean is presumptively valid at this early stage of litigation. Whether Defendants can prove the Counterclaim is for the "finder of fact down the road" and was not properly before Magistrate Judge Clark. (April Hearing at T4:22-25 to T5:12; T11:12-16). Accordingly, the December 18 Order is not contrary to law or clearly erroneous based on the Magistrate Judge denying to dismiss the Counterclaim.

### B. Magistrate Judge Clark Properly Relied on Relevant Authorities

Plaintiffs contend that the December 18 Order improperly relies on *McDaniel*, 419 N.J. Super. at 482, and the Pisano Matter. (Pls.' Br. at 10-12). In opposition, Defendants argue that

Magistrate Judge Clark properly relied on these authorities, as well as others.  (Defs.' Br. at 15-20).  The Court agrees.

Initially, the December 18 Order neither cites nor analyzes the Pisano Matter.  (*See, gen.*, Dec. 18 Ord.).  Plaintiffs also provide no response for the court's application of *Weinberg*, 101 N.J. Super. at 448 (Dec. 18 Ord. at 9, 14).  Substantively, in deciding to "disqualify [the] Locks Firm from representing Plaintiffs or Candido" (*Id.* at 15), Magistrate Judge Clark relied on Rule of Professional Conduct 1.7(a)(1), which provides that a lawyer "cannot represent a client if there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client." (Dec. 18 Ord. at 8) (internal quotation marks omitted).  The court further noted that attorneys in motor vehicle accidents must withdraw from representing both the driver and passenger if a counterclaim is made by the second driver.  (*Id.* at 8-9) (citing *McDaniel*, 419 N.J. Super. at 497).  Magistrate Judge Clark explained that:

> Although not directly analogous because this matter involves an accident which occurred during the operation of a riding mower instead of an automobile, and although Defendants are not operators of a second vehicle but rather the parties responsible for the design, manufacture and sale of the mower, the Court agrees with Defendants that the same principles apply to the question of the propriety [of] Locks Law's representation of Plaintiffs and Candido in this matter.

(*Id.* at 9).

In so doing, the court rejected Plaintiffs' assertion that the Locks Firm's withdrawal was not required because "the directive of the Supreme Court amounts to very limited legal precedent which exclusively involves motor vehicle accidents. . . ." (*Id.* at 9) (internal quotation marks and citation omitted).[6]  Magistrate Judge Clark found that "the circumstances surrounding A.N.'s injuries in this matter pose the same challenges as those arising from an attorney's representation

---

[6] Plaintiffs raise the same argument in the Appeal.  (Pls.' Br. at 12).

7

of multiple family members injured in the same automobile accident." (*Id.* at 9) (citation omitted). Thus, RPC 1.7(a)(1), *McDaniel*, and *Weinberg* controlled.

Plaintiffs point to no authority to suggest Magistrate Judge Clark's reliance on these authorities is contrary to law or clearly erroneous. Under the latter standard of review, a district court will also "not reverse the magistrate judge's determination even if the court might have decided the matter differently." *Bowen v. Parking Auth. of City of Camden,* No. 00–5765, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002) (citation omitted). Further, *McDaniel* has been applied in matters beyond motor vehicle accidents. *See Montclair Hospital, LLC v. Glen Ridge Borough*, 2023 WL 4783596, at *5 (N.J. Tax Ct. July 26, 2023) (Lessor/lessee relationship); *Richardson v. Defazio*, No. A-4169-14T1, 2016 WL 854520, at *3 (N.J. Super Ct. App. Div. Mar. 7, 2016) (Derivative action in medical malpractice case). Accordingly, the December 18 Order is supported by relevant authority and therefore, not contrary to law or clearly erroneous.

### C.  The December 18 Order Properly Found a Conflict of Interest

Plaintiffs baldly assert that the Rules of Professional Conduct do not disqualify the Locks Firm from this matter. (Pls.' Br. at 12). Specifically, Plaintiffs posit without authority that the Locks Firm's representation may proceed because the "true focus" of Defendants' Counterclaim "is to adversely affect the [Nobrega] family harmony to make it difficult [for] the parties to proceed against the actual target defendant. (*Id.* at 12-13). This assertion does not entitle Plaintiffs to relief. *See Spiniello Companies v. Metra Indus., Inc.*, No. 05-5075, 2006 WL 2882490, at *3-4 (D.N.J. Oct. 6, 2006) (Affirming magistrate judge's denial of motion to disqualify as there was no conflict of interest under RPC Nos. 1.7 and 1.9). Further, Plaintiffs point to no authority for their suggestion that Candido's decision "to allow a child to ride a lawnmower" is "immune from judicial review in New Jersey." (Pls.' Br. at 17).

8

Plaintiffs next assert that the Motion to Disqualify was incorrectly decided because it "is undisputed" that Candido "did not act with willful and/or wanton disregard for" A.G.-N.'s "wellbeing" because of the "N.J. Department of Children and Families[']s]" "lack of action" in response to the accident. (Pls.' Br. at 14). First, this is not a motion for summary judgment, and such an assertion is clearly disputed by Defendants. Second, Plaintiffs provide no authority for the suggestion that a public-entity's lack of administrative action necessitates a reversal of Magistrate Judge Clark's rejection of the parental immunity bar.

Finally, Plaintiffs contend that this case falls within a different category of cases regarding parental actions—"parental supervision matters" and not the category at issue in *McDaniel*. (*Id.* at 15). However, whether this matter is ultimately factually different from *McDaniel* is for another day (*Id.* at 15) because the cause of A.G.-N.'s injuries has not yet been decided. To be sure, Plaintiffs provide no authority to show that the December 18 Order was contrary to law or clearly erroneous in finding that the parental immunity doctrine was not a bar to disqualifying the Locks Firm. (Dec. 18 Ord. at 13-14). Though "motions to disqualify counsel are generally viewed with disfavor, where" like here "there is any doubt as to the necessary of disqualification, the doubt will be resolved in favor of disqualification." *Gonnelli v. Town of Secaucus*, No. 5-5201, 2006 WL 8457510, at *3 (D.N.J. Aug. 29, 2006) (internal quotation marks and citation omitted). Accordingly, the December 18 Order is not contrary to law or clearly erroneous based on the Magistrate Judge finding a conflict of interest.

IV.     **CONCLUSION**

For the reasons set forth above, Defendants' appeal (ECF No. 51) is **DENIED**, and the December 18 Order (ECF No. 46) is **AFFIRMED**. An appropriate Order accompanies this Opinion.

DATED: July 25, 2024

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge