UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARINA NOBREGA, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>TROY-BILT, *et al.*,<br><br>　　　　　　　　　Defendants. | Civil Action No. 22-04204 (JXN)(JBC)<br><br>**OPINION** |

**NEALS, District Judge**

Before the Court is the motion of Plaintiffs Marina Nobrega, I.N., and A.N. (collectively, "Plaintiffs") to voluntarily dismiss Plaintiffs' Amended Complaint ("Am. Compl.") (ECF No. 19) pursuant to Federal Rule of Civil Procedure 41(a)(2). (ECF No. 71.) Defendants Troy-Bilt, LLC, MTD Products, Inc., and Home Depot U.S.A., Inc. (collectively, "Defendants") opposed the motion (ECF No. 73), and Plaintiffs replied in further support. (ECF No. 77.) Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1441(a). The Court has carefully reviewed the Amended Complaint and the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiffs' motion to dismiss is **GRANTED**, and Defendants' requests for the imposition of conditions on such dismissal and the award of attorney's fees are **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this products liability action against Defendants, alleging causes of action for Strict Liability, Breach of Implied Warranty, Breach of Express Warranty, Negligent Infliction

of Emotional Distress, and a Parental Count for recovery of expenses related to treating the physical and psychological injuries to minor Plaintiffs A.N. and I.N. (*See* generally Am. Compl.).

On May 9, 2022, Plaintiffs filed a complaint in the Superior Court of New Jersey, Passaic County, Law Division. (*See* Notice of Removal, ECF No. 1.) On June 23, 2022, Defendants removed to this Court. (*Id.*).

On February 3, 2023, Plaintiffs and Candido Nobrega (father of minor Plaintiffs A.N. and I.N.) filed an Amended Complaint (ECF No. 19) for damages stemming from the injury suffered by Plaintiff A.N. when her foot made contact with the "blades" of a Troy-Bilt lawnmower. (*See* Am. Compl. ¶ 4.) On February 7, 2023, Defendants filed a counterclaim for contribution against Candido Nobrega, alleging that he was negligent in his operation of the lawnmower. (ECF No. 20 at ¶ 6.) On April 10, 2023, pursuant to a stipulation submitted by the parties, the Court dismissed Candido Nobrega as a Plaintiff in this matter. (ECF No. 29.) However, the stipulation also stated Defendants' counterclaim against Candido Nobrega is "not dismissed and remain[s] open." (ECF No. 29 at 1.)

On May 25, 2023, Defendants filed a motion to disqualify Locks Law Firm (counsel for Plaintiffs and Candido Nobrega) from representing any party in this case. (ECF No. 34.) On December 18, 2023, Magistrate Judge Clark granted Defendants' motion to disqualify, concluding that Defendants' counterclaim against Candido Nobrega had rendered Candido Nobrega's interests adverse to those of Plaintiffs Marina Nobrega, I.N., and A.N., such that Locks Law Firm could no longer represent any party in this matter. (ECF No. 46 at 15.) Plaintiffs appealed and, on July 25, 2024, the Court entered an Opinion and Order denying Plaintiffs' appeal. (ECF Nos. 56, 57.)

On March 26, 2025, Plaintiffs filed the instant motion for voluntary dismissal. ("Pls.' Br.") (ECF No. 71.) On April 10, 2025, Defendants opposed. ("Defs.' Br.") (ECF No. 73.) On April 24, 2025, Plaintiffs replied. (ECF No. 77.) This matter is now ripe for consideration.

## II. LEGAL STANDARD

### A. Voluntary Dismissal under Rule 41(a)(2)

A plaintiff's motion for voluntary dismissal under Rule 41(a)(2) will generally be "granted liberally and in the Courts' discretion." *Gaia Gardens, LLC v. Twp. of Montclair*, No. CV 23-20733, 2025 WL 2374417, at *3 (D.N.J. Aug. 15, 2025) (citing *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990); *Estate of Ware v. Hosp. of the Univ. of Pa.*, 871 F.3d 273, 285 (3d Cir. 2017)). In evaluating a plaintiff's motion for voluntary dismissal, the Third Circuit considers both resultant prejudice to the Defendant if the motion is granted, as well as the "conduct and motivations" of the Plaintiff in seeking dismissal. *Kachwalla v. Twp. of Edison*, 348 F.R.D. 215, 218 (D.N.J. 2024); *see also United States ex rel. Haskins v. Omega Inst., Inc.*, 11 F. Supp. 2d 555, 570 (D.N.J. 1998) ("In addressing a Rule 41(a)(2) motion, a court must weigh the relevant equities and do justice between the parties in each case."). This approach has also been adopted by other federal courts. *See generally* 8 J. Moore et. al., *Moore's Federal Practice* § 41.40 (3d ed. 2024) (observing that many federal circuits consider the plaintiff's good faith in a Rule 41(a)(2) analysis).

To deny a motion for voluntary dismissal, the Third Circuit requires a finding of "'substantial prejudice to the defendant.'" *Sporn v. Ocean Colony Condo. Ass'n*, 173 F. Supp. 2d 244, 255 (D.N.J. 2001) (quoting *Johnston Development Group, Inc. v. Carpenters Local Union No. 1578*, 728 F. Supp. 1142, 1146 (D.N.J. 1990)). "Chief among the factors to consider in determining whether a defendant will suffer prejudice are the extent to which litigation has

3

progressed and the extent to which the defendant will be exposed to new litigation in another forum." *Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 842 (3d Cir. 2014). However, the existence of prejudice is alone insufficient for denial of a plaintiff's 41(a)(2) motion, and such prejudice must be viewed in light of the movant-plaintiff's conduct and motivations in bringing the motion. *See Kachwalla*, 348 F.R.D. 215, 218; *see also Pringle v. Johnson & Johnson, Inc.*, Civ. No. 17-6766, 2024 U.S. Dist. LEXIS 146879, at *4 (D.N.J. Aug. 16, 2024). The key inquiry with respect to the plaintiff's conduct is whether the plaintiff is acting in good faith, or using the motion for purposes of improper "gamesmanship," *Ewideh v. Homesite Ins Co. of the Midwest*, 2023 U.S. Dist. LEXIS 122438, at *7 (M.D. Pa. July 17, 2023), to benefit an "overarching litigation strategy." *Kachwalla*, 348 F.R.D. 215, 219. The Court will also examine whether the Plaintiff diligently filed the motion to dismiss, generally finding that an unwarranted, lengthy delay in filing the motion will weigh against the Plaintiff. *See generally Shamrock Creek LLC v. Borough of Paramus*, 2015 U.S. Dist. LEXIS 81882, at *2 (D.N.J. June 23, 2015) (the plaintiff's diligence is a relevant consideration in deciding a Rule 41 motion).

### B. Imposition of Non-Monetary Conditions on Plaintiffs' Voluntary Dismissal

In exercising its "broad equitable discretion" under Rule 41(a)(2), the District Court may also attach such terms and conditions to a dismissal without prejudice as it deems suitable. *See* Fed. R. Civ. P. 41(a)(2); *see also Ellis v. Merrill Lynch & Co.*, No. CIV. A. 86-2865, 1989 WL 149757, at *5-6 (E.D. Pa. Dec. 6, 1989). Such conditions commonly include requiring the plaintiff to pay defendant's costs and attorney's fees, but the court may also attach non-financial conditions to dismissal, the purpose of which is to remedy harm to the defendant caused by the motion to dismiss. *See LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604-05 (5th Cir. 1976) ("[I]n ruling on motions for voluntary dismissals, the District Court should impose only those conditions which will alleviate the harm caused to the defendant."); *see also Ellis*, 1989 WL 149757, at *6 ("The

4

usual conditions attached to a Rule 41(a)(2) dismissal require payment of costs and attorney's fees, or, if nonmonetary, are framed to diminish hardship to the defendant.").

### C. Award of Attorney's Fees and Costs to a Defendant Opposing Dismissal

In the Third Circuit, in deciding whether to award attorney's fees and costs to a defendant opposing a plaintiff's voluntary dismissal without prejudice, Courts have typically considered:

> (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the pending litigation has progressed; (4) and [sic] the claimant's diligence in moving to dismiss.

*In re Tutu Wells Contamination Litigation*, 38 V.I. 275, 994 F. Supp. 638, 653 (D.V.I. 1998). However, fees are not simply awarded as a matter of course, and Courts have additionally considered whether the plaintiff's conduct—such as undue delay or bad faith—caused or contributed to the defendant's expenses such that the award of attorneys' fees and costs is warranted under the balance of the equities. *See General Dev. Corp. v. Binstein*, 743 F. Supp. 1115, 1140 (D.N.J. July 30, 1990) (finding no reason to award Defendants attorney's fees where the plaintiff had dismissed the complaint in good faith); *see also Velasquez v. Green Stone Grp., Inc.*, No. CV 23-3755, 2024 WL 4665126, at *3 (D.N.J. Aug. 27, 2024), *report and recommendation adopted sub nom..*, 2024 WL 6822762 (D.N.J. Sept. 11, 2024).

### III. DISCUSSION

Plaintiffs seek dismissal stating they do not desire to proceed in this action without counsel and seek dismissal without prejudice to preserve the opportunity to re-file the case in the future with "proper representation." (Pls.' Br. at 1.) Since the disqualification of Locks Law Firm, Plaintiffs have been unable to locate affordable replacement counsel and have filed the instant motion to dismiss on a *pro se* basis. (*Id.*). Defendants assert that dismissal without prejudice will result in "severe prejudice" to Defendants and should be denied (Defs.' Br. at 9.) Defendants

request in the alternative, that if Plaintiffs' motion is granted the Court impose certain conditions on the dismissal, and/or award certain attorney's fees and costs to Defendants. (Defs. Br. at 11-12.)

### A. Dismissal under Rule 41(a)(2)

Plaintiffs have been unable to locate representation following the disqualification of their prior counsel and have stated that they do not wish to proceed *pro se*. (Pls.' Br. at 1.) Thus, their reasons for seeking dismissal are not tactical, but practical. Plaintiffs are not using the motion to gain an advantage or advance a litigation strategy, but to allow themselves time to retain new counsel and re-file their complaint. (*Id.*). Plaintiffs' motivations for seeking dismissal are unrelated to Plaintiffs' case strategy and thus do not constitute "gamesmanship" of the type that warrants denial of voluntary dismissal. *See generally Ewideh*, (M.D. Pa. July 17, 2023).

Further, although their original complaint was filed in May 2022, Plaintiffs did not receive notice of the denial of their appeal of Defendants' motion to disqualify until July 25, 2024, after which they unsuccessfully attempted to locate alternative representation before filing the instant motion to dismiss. (ECF Nos. 57 & 71.) Therefore, neither the length nor the reason for Plaintiffs' delay is of the type that Courts have weighed against Plaintiffs in their motion for voluntary dismissal.

Defendants argue that dismissal without prejudice would inflict severe prejudice upon them, due to the substantial length of remaining time under the statute of limitations, which runs until August 16, 2031, pursuant to N.J.S.A. 2A:§14-2(a). (Defs.' Br. at 9.) Defendants contend that, if the Amended Complaint is dismissed without prejudice and Plaintiffs re-file their complaint, certain intervening events could occur during the period between dismissal and re-filing, which, Defendants argue, would substantially weaken their defense. (*Id.* at 9-10.) They

enumerate a litany of potential harms that could arise over the ensuing six years, including the death or unavailability of eyewitnesses, medical providers, and the Plaintiffs' key fact witness (minor Plaintiff A.N.'s father, Candido Nobrega); degradation of the accident scene; unavailability of Defendants' employees; the admissibility of hearsay under New Jersey Rule of Evidence 804(b)(4)(A)(6); the inability to rebut a potential heeding presumption; and the waste of fees already incurred in defending this action. (*Id.*).

Defendants' contentions, however, are premature and do not establish sufficient prejudice to deny Plaintiffs' motion for voluntary dismissal under Rule 41(a)(2). While the potential adverse occurrences that Defendants have laid out are not totally unfounded, courts in this Circuit have previously stated that the fact that the Plaintiff "'may gain some tactical advantage by a voluntary dismissal'" is alone insufficient to constitute prejudice for this purpose. *Selby v. Inspira Med. Ctrs., Inc.*, No. 18-9675, 2018 U.S. Dist. LEXIS 214048, at *4 (D.N.J. Dec. 19, 2018) (quoting *Environ Prods., Inc. v. Total Containment, Inc.*, No. 94-7118, 1995 WL 459003, at *14 (E.D. Pa. July 31, 1995); *see also In re Paoli R.R.*, 916 F.2d at 863. Crucially, any adverse effects on Defendants' case that may be caused by Plaintiffs' motion to dismiss appear to be wholly unintentional and thus do not warrant a denial of Plaintiffs' motion.

While Defendants have undoubtedly expended significant time and effort on this matter, legal prejudice does not arise from the mere possibility of another lawsuit, nor the hypothetical unavailability of witnesses or evidence at some indeterminate future time.[1] Indeed, this Court has

---

[1] Plaintiffs have a duty to preserve evidence independent of a court order so providing. *See e.g., Micron Technology, Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed.Cir.2011) (Spoliation occurs when evidence is destroyed or altered, or when a party fails to preserve evidence in instances where litigation is pending or reasonably foreseeable.); *Gumbs v. International Harvester, Inc.*, 718 F.2d 88, 96 (3d Cir.1983) (When the contents of a document are relevant to an issue in a case, the trier of fact generally may receive the fact of the document's *nonproduction* or destruction as evidence that the party that has prevented production did so out of the well-founded fear that the contents would harm him.); *accord, United States v. Cherkasky Meat Co.*, 259 F.2d 89 (3d Cir.1958); *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir.1995); <u>*Bull v. United Parcel Serv., Inc.*</u>, 665 F.3d 68, 73 (3d Cir. 2012).

7

previously held that motions under Rule 41(a)(2) "should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *In re Paoli R.R.*, 916 F.2d at 863 (citing 5 J. Moore, *Moore's Federal Practice* ¶ 41.05[1], at 41-62 (1988)). If Defendants' fears ultimately come to fruition, Defendants remain free to raise them in any subsequent litigation, whether through motions to exclude evidence, summary judgment proceedings, or other appropriate relief under the Federal Rules of Evidence and Civil Procedure. However, such contingencies provide no adequate basis for prejudice at this stage, when concrete harm has yet to materialize, and the balance of the equities favors granting Plaintiffs' motion to dismiss without prejudice. Accordingly, Plaintiffs' motion to dismiss without prejudice is granted.

### B. Imposition of Non-Monetary Conditions on Plaintiffs' Dismissal

Defendants have alternatively requested that the Court impose certain conditions on Plaintiffs' motion to dismiss, including: requiring Plaintiffs to preserve certain evidence; requiring Plaintiffs to monitor and provide notice to Defendants of any witness' unavailability; requiring certain witnesses to complete depositions prior to dismissal; designating the forum for any future federal diversity action; and restricting Plaintiffs' ability to oppose Defendants' use of discovery from this case in any future lawsuit.

The conditions proposed by Defendants are designed to prevent the contingencies that Defendants have claimed are likely to flow if Plaintiffs' motion to dismiss is granted. (Defs.' Br. at 11.) As the Court has previously stated, Defendants' concerns are largely speculative at this stage, and Defendants will have the opportunity to raise their concerns at any subsequent trial, if and when applicable. Conditions on voluntary motions to dismiss are generally imposed to "prevent unfairness to the defendants," *Velasquez*, 2024 WL 4665126, at *3, but no unfairness results from forcing Defendants to litigate the issues they have raised in a subsequent trial, if they

8

ultimately come to fruition. For this reason, the Court deems it inappropriate to address these concerns preemptively. Accordingly, Defendants' request for the imposition of nonmonetary conditions on Plaintiffs' voluntary dismissal is denied.

### C. Award of Attorney's Fees and Costs to a Defendant Opposing Dismissal

Alternatively, Defendants have requested reimbursement for certain fees incurred in defending the lawsuit and opposing the instant motion—expenses they contend would be of "no value in a second lawsuit." (Defs.' Br. at 11-12.) While the Court acknowledges that certain of these costs may not carry over to a refiled action, an award of fees is unwarranted under the specific circumstances before the Court. Plaintiffs are currently without counsel, not through any fault or dilatory tactic of their own, but solely due to their prior attorneys' failure to identify and prevent conflicts of interest at the outset of representation. (*See* ECF No. 56.) Imposing fees on Plaintiffs in this situation would exacerbate the prejudice they have already suffered from the disqualification, effectively punishing them for their former counsel's errors, an outcome which this Court has previously declined to promulgate. *Cf. Velasquez*, 2024 WL 4665126, at *3 n.1 (declining to impose monetary sanctions on the plaintiff for actions her attorney "undertook without her consent or encouragement."). No evidence suggests bad faith or undue delay by Plaintiffs themselves; to the contrary, the disqualification proceedings prolonged this matter through no volition of theirs. Accordingly, Defendants' request for any award of attorney's fees—whether for defense of the action or opposition to the motion—will be denied.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the Plaintiffs' motion to voluntarily dismiss Plaintiffs' Amended Complaint without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2) (ECF No. 71) is **GRANTED**, and Plaintiffs' Amended Complaint (ECF No. 19) is **DISMISSED** *without prejudice*. Defendants'

9

requests for the imposition of conditions or an award of attorney's fees and costs (ECF No. 73) are **DENIED**. An appropriate Order accompanies this Opinion.

DATED: November 3, 2025

JULIEN XAVIER NEALS
United States District Judge